UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRED HENRY | CIVIL ACTION NO. 23-4616 |
| VERSUS | JUDGE ZAINEY |
| AMERICAN SECURITY INSURANCE COMPANY | MAGISTRATE JUDGE NORTH |

## ANSWER

NOW COMES American Security Insurance Company ("American Security"), and for answer to the Petition for Damages of Fred Henry (the "Complaint"), respectfully avers as follows:

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action for which relief can be granted.

## SECOND DEFENSE

Now answering the specific allegations of the Complaint, defendant avers that:

I.

The allegations of paragraph I are denied, except to admit that American Security is a foreign insurance company authorized and presently doing business in the State of Louisiana. American Security also admits that it issued Residential Dwelling Certificate no. MLR21027672772 to JPMorgan Chase Bank, N.A., with coverage for insured property located at 5318-20 Burgundy, New Orleans, Louisiana 70117. The policy is in writing and contain numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein. Any inconsistent characterizations are denied. The plaintiff is not an insured, an additional insured, or a third-party beneficiary of the policy.

1

II.

The allegations of paragraph II are denied for want of sufficient information to justify a belief therein.

III.

The allegations of paragraph III are denied.

IV.

The allegations of paragraph IV are denied, except to admit that American Security issued Residential Dwelling Certificate no. MLR21027672772 to JPMorgan Chase Bank, N.A., with coverage for insured property located at 5318-20 Burgundy, New Orleans, Louisiana 70117.  The policy is in writing and contain numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein.  Any inconsistent characterizations are denied.  The plaintiff is not an insured, an additional insured, or a third-party beneficiary of the policy.

V.

The allegations of paragraph V are denied, except to admit that the insured property sustained damage from Hurricane Ida.

VI.

The allegations of paragraph VI are denied, except to admit that plaintiff reported a Hurricane Ida claim, which American Security adjusted and assigned claim no. 00103331156.

VII.

The allegations of paragraph VII are denied, except to admit that American Security issued payment of $20,770.91 on the dwelling coverage on the insured property's Hurricane Ida claim, no. 00103331156.

VIII.

The allegations of paragraph VIII are denied, except to admit that plaintiff, through counsel, submitted a demand letter with an attached estimate in the amount of $97,256.64 for alleged damage sustained from Hurricane Ida.

IX.

The allegations of paragraph "VII" are denied.

X.

The allegations of paragraph X are denied.

XI.

The allegations of paragraph XI are denied.

### THIRD DEFENSE

American Security issued Residential Dwelling Certificate no. MLR21027672772 to JPMorgan Chase Bank, N.A., with coverage for insured property located at 5318-20 Burgundy, New Orleans, Louisiana 70117. The policy is in writing and contain numerous clauses, terms, provisions, and limitations on coverage, all of which are alleged herein. The plaintiff is not an insured, an additional insured, or a third-party beneficiary of the policy.

### FOURTH DEFENSE

Plaintiff's claims under the Residential Dwelling Certificate may be barred, in whole or part, by the following policy provisions, or provisions similar thereto:

PERILS INSURED AGAINST

COVERAGE A - DWELLING and
COVERAGE B - OTHER STRUCTURES

      **We** insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, **we** do not insure loss:

**1.**      Excluded under **General Exclusions**;
**2.**      Involving collapse, other than as provided in **Other Coverages 5**;
**3.**      Caused by:

***

    **f.**    Any of the following:
        **(1)**    Wear and tear, marring, deterioration;
        **(2)**    Inherent vice, latent defect, mechanical breakdown; . . .

Form MIP 233 (01-12) at PERILS INSURED AGAINST

<b><u>FIFTH DEFENSE</u></b>

      Plaintiff's claims under the American Security policy may be barred, in whole or part, by the following policy provisions, or provisions similar thereto:

**GENERAL EXCLUSIONS**

**1.**      **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

    **a.**    **Ordinance or Law.**
        Ordinance or Law means any ordinance or law:
        **(1)**    Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. . . .
        **(2)**    The requirements of which result in a loss in value to property; or
        **(3)**    Requiring **you** or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants.**
        **Pollutants** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

***

    **c.**    **Water Damage**, meaning:
        **(1)**    Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

  **(2)** Water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or

  **(3)** Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through **a residential property**, sidewalk, driveway, foundation, swimming pool or other structure;

Caused by or resulting from human or animal forces or any act of nature. Direct loss by fire or explosion resulting from water damage is covered.

 **d.** **Power Failure,** meaning the failure of power or other utility service if the failure takes place off the **described location.** But, if a Peril Insured Against ensues on the **described location, we** will pay only for that ensuing loss.

 **e.** **Neglect,** meaning **your** neglect to use all reasonable means to save and preserve property at and after the time of a loss.

***

**2.** **We** do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this Certificate is covered.

 **a.** **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;

 **b.** **Acts or decisions,** including the failure to act or decide, of any person, group, organization or governmental body;

 **c.** **Faulty, inadequate or defective;**
  **(1)** Planning, zoning, development, surveying, siting;
  **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
  **(3)** Materials used in repair, construction, renovation or remodeling; or
  **(4)** Maintenance;
  of part or all of any property whether on or off the **described location.**

Form MIP 233 (01-12) at GENERAL EXCLUSIONS

<b><u>SIXTH DEFENSE</u></b>

Plaintiff's claims under the Residential Dwelling Certificate may be barred, in whole or part, by the following policy provisions, or provisions similar thereto:

CONDITIONS

***

**4.** **Your Duties After Loss.** In case of a loss to covered property, **you** must see that the following are done:
   **a.** Give prompt notice to **us** or **our** agent;
   **b.** **(1)** Protect the property from further damage;
       **(2)** Make reasonable and necessary repairs to protect the property; and
       **(3)** Keep an accurate record of repair expenses;
   **c.** Cooperate with **us** or **our** representative in the investigation of a claim;
   **d.** As often as **we** reasonably require:
       **(1)** Show the damaged property;
       **(2)** Provide **us** with records and documents **we** request and permit **us** to make copies; and
       **(3)** Submit to examination under oath, while not in the presence of any other **named insured,** and sign the same;
   **e.** Send to **us your** signed, sworn, proof of loss:
       **(1)** The proof of loss must set forth, to the best of **your** Knowledge and belief:

            **(a)** The time and cause of loss;
            **(b)** **Your** interest and that of all others in the property involved and all liens on the property;
            **(c)** Other insurance which may cover the loss;
            **(d)** Changes in title or occupancy of the property during the term of the Certificate;
            **(e)** Specifications of damaged **residential property** and detailed repair estimates.
       **(2)** **You** must submit the proof of loss to **us** within:
            **(a)** 180 days, after **our** request, if the loss or damage arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration; but this 180-day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying **you** access to **your** property; or
            **(b)** 60 days, after **our** request, if the loss or damage arises due to any other event.
       **(3)** **We** will supply **you** with the necessary forms within 30 days after **we** receive notice of loss.

Form MIP 233 (01-12) -- CONDITIONS
Form MIP 243 LA (06-20)

**SEVENTH DEFENSE**

Plaintiff's claims under the Residential Dwelling Certificate may be barred, in whole or part, by the following policy provisions, or provisions similar thereto:

**12.** **Loss Payment.**

    **c.** Loss will be made payable to the **named insured**. No coverage will be available to any mortgagee other than that shown as the **named insured** on the Declarations. The undisputed portion of the loss will be payable within 30 days after **we** receive **your** proof of loss.

MIP 239 LA (11-12)   Louisiana Replacement Cost Endorsement 1

**EIGHTH DEFENSE**

Plaintiff's claims may be barred by the indemnity principle of insurance. The plaintiff may not recover amounts in excess of his actual loss.

**NINTH DEFENSE**

Defendant reserves all of its rights under the policies of insurance and applicable law, including but not limited to the right to supplement and amend this answer.

WHEREFORE, defendant prays that there be judgment in its favor, dismissing plaintiff's lawsuit with prejudice at the plaintiff's sole cost, and for all other relief to which defendant is entitled.

Respectfully submitted,

*/s/ Brian J. D'Angelo*
GORDON P. SEROU, JR. (14432)
BRIAN J. D'ANGELO (39151)
ROY A. BURTCHAELL (40673)
Law Offices of Gordon P. Serou, Jr., LLC
gps@seroulaw.com
bjd@seroulaw.com
rab@seroulaw.com
365 Canal Street, Suite 2280
New Orleans, Louisiana 70130
Phone: 504-207-1910
Fax:    504-784-6428

*Attorneys for American Security Insurance Company*